Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1463 | **DATE** | 3/30/2000 |
| **CASE TITLE** | In Re: In re: Seadog Adventures | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For all of the reasons stated above, we make the following rulings with respect to the outstanding motions in this case. We deny the claimants' motion to dismiss [38-1] as moot and, sua sponte, order that the injunction previously entered on 3/19/98 in this case is dissolved. We further deny Seadog's motions for summary judgment, for leave to file a surreply in opposition to the motion to dismiss and for leave to file authority in support of the scope of an exoneration hearing as moot. These rulings are, of course, subject to the filing of the stipulations described in our opinion. Proceedings in this federal action are hereby stayed to await the outcome of the suit in the Circuit Court of Cook County.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 31 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 70 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE SEADOG VENTURES, INC. ) No. 98 C 1463
) Honorable Wayne R. Andersen

DOCKETED
MAR 3 1 2000

## MEMORANDUM, OPINION AND ORDER

Claimants, Kathleen Rooney and James Hennessey ('claimants"), filed a complaint in the Circuit Court of Cook County, Illinois, seeking damages for injuries they allegedly incurred in a boating accident on Lake Michigan on October 12, 1997. Petitioner, Seadog Ventures, Inc. ("Seadog"), filed a complaint here for exoneration from or limitation of liability under the Admiralty and Maritime jurisdiction of this court. Claimants have moved to dismiss this action for lack of subject matter jurisdiction. Seadog, along with the Chicago Park District, which was sued by Seadog in state court for contribution, opposes this motion. For the reasons stated below, we deny claimants' motion, but dissolve our previous injunction staying state court proceedings to determine the liability issues in this case.

## BACKGROUND

On October 12, 1997, the M/V Seadog I, a for-hire pleasure boat, struck Kathleen Rooney while she was swimming in Lake Michigan. Seadog owns this boat. After the accident, Rooney and her husband, James Hennessey, filed a civil lawsuit in the Circuit Court of Cook County captioned Kathleen Rooney and James Hennessey v. Seadog Ventures, Inc and William Sutterlin, individually and as an agent of Seadog Ventures, Inc., 97 L 16158, seeking compensation from Seadog and Seadog's captain for injuries that Rooney sustained, including includes a loss of consortium claim for Hennessey.

Seadog subsequently filed a complaint for exoneration from liability in this court

70

pursuant to the Limited Liability Act, 46 U.S.C. app. §§ 181-196 (1988). The Act provides that the liability of a shipowner for damages arising from a maritime accident which occurs "without the privity or knowledge of such owner" shall not exceed the value of the vessel and its freight. §183(a). We then entered a modified order for notice and injunction enjoining all persons, including Kathleen Rooney and James Hennessey, or entities from instituting or prosecuting any action or taking any legal proceedings in any court, other than this one, regarding injuries, death, expenses and damages occasioned by or resulting by reason of the herein described trip of M/V Seadog I, which departed Navy Pier at approximately 10:30 a.m. on October 12, 1997. With its complaint, Seadog also filed an *Ad Interim* Stipulation with approved corporate surety for payment with the court in the amount of $543,200.00, covering the value of the plaintiff's interest in the M/V Seadog I, with interest at the rate of six percent per annum from the date of the stipulation.

There have been several amendments to Seadog's complaint, including a third party complaint against the Chicago Park District and West-Tec Marina, and answers to these amended complaints. The claimants have moved to dismiss the Third Amended Complaint based on this court's lack of subject matter jurisdiction. Seadog, joined by the Chicago Park District, opposes this motion, arguing that it has an absolute right to have its case for exoneration heard first in this court regardless of any protective stipulations to which the claimants have agreed.

## ANALYSIS

The Limited Liability Act provides that the liability of a shipowner incurred as a result of maritime accident "without the privity or knowledge of such owner...shall not...exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. App. § 183(a). The purpose of this Act is to encourage shipbuilding and investment by limiting a shipowner's liability to the amount of his interest in the ship. Joyce v. Joyce, 975 F.2d 379, 383-384 (7th Cir. 1992). Although federal courts have exclusive jurisdiction over such admiralty actions pursuant to Title 28, United States Code, Section 1333, this statute also provides a "saving-to-suitors" of all other remedies to which they are otherwise entitled, with a "presumption in favor of jury trials and common law remedies". Of course, this results in a conflict between Seadog's right to have this court hear its exoneration and liability claim and the claimants' right to pursue their personal injury suit in state court. See In re Dammers &. Vanderheide & Scheepvaart Maats Christina B.V. v. Corona, 836 F.2d 750, 754 (2d Cir. 1988).

To resolve this conflict, inherent in these actions, federal courts have abstained from exercising their exclusive jurisdiction in certain circumstances. Langnes v. Green, 282 U.S. 531, 540 (1931). First, if the value of the vessel and its cargo exceeds the aggregate of the total number of claims filed against the owner, there is no need for the admiralty courts to act because the claimants are not competing among themselves for larger portions of a limited fund. In re Midland Enters., Inc., 886 F.2d 812, 814 (6th Cir. 1989). This exception does not apply here because the claimants seek an amount in damages that far exceeds the stipulated value of the vessel. Federal courts also have abstained from exercising jurisdiction when a

3

single claimant brings an action against the shipowner seeking damages in excess of the value of the vessel, provided the claimants agree to waive any claim of res judicata relevant to the issue of limited liability based on the judgment obtained in state court, thereby conceding the shipowner's right to re-litigate all issues related to limiting liability in federal court. Ex Parte Green, 286 U.S. 437, 438-40 (1932), Gorman v. Cerasia, 2 F.3d 519, 524 (3d Cir. 1993).

Seadog argues against the application of this exception to this case for several reasons. Seadog initially argues that claimants' motion, which challenges the court's subject matter jurisdiction, is procedurally flawed because the claimants conceded that the court has subject matter jurisdiction in their answer. Because the court believes this motion is more properly brought as a motion to dissolve our injunction, we will convert claimants' motion to dismiss to a motion to dissolve the injunction and reach the merits of claimants' position.

Seadog's first substantive objection to dissolving our injunction is that this case does not present a single claim because there are at least two other pending claims for loss of consortium and for contribution. Courts largely are agreed that a loss of consortium claim is separate and distinct from any other claims asserted in the case. See Dammers & Vanderheide & Scheepvaart Maats Christina B.V. v. Corona, 836 F.2d 750, 756 (2d Cir. 1988) (citing American Export Lines v. Alvez, 446 U.S. 274, 284, 86 (1980)). However, because claimant Hennessey is willing to stipulate that his claim is subordinate to and a derivative of his wife's claim, we may convert these two claims to a single claim. Magnolia Marine Transport v. LaPlace Towing, 964 F.2d 1571, 1575 (5th Cir. 1992)(and cases cited therein). Similarly, although Seadog has claimed contribution from third party defendants, the Chicago Park District and West-Tec Marina, and the Park District at least has indicated that it may seek

4

contribution for any damages assessed by a jury to it from Seadog, claimants here have stipulated that they are willing to forgo any and all collection of damages from any party in the state case until the federal limitation suit has taken place. Thus, these potential multiple claims are neutralized. Further, the Seventh Circuit has stated that the "mere possibility" of multiple claims (which is all that exists here) is not enough to preclude state court adjudication, particularly when no other claims have been filed here besides the shipowner's claim against a third-party defendant. In the Matter of the Complaint of McCarthy Bros.Co./Clark Bridge, 83 F.3d 821, 831 (7th Cir. 1996).

Seadog, however, raises another substantive objection to dissolving the injunction. Seadog contends that, because it has filed a claim for exoneration as well as for limitation of liability, it has an absolute right to be heard first in federal court on its exoneration claim unless the claimants stipulate that Seadog may re-litigate exoneration in federal court. Seadog relies on authority within the Fifth Circuit for this proposition. In In re the Matter of Texaco, Inc., the court held that the claimants' stipulations, which preserved the right to re-litigate liability limitations in federal court, did not protect the shipowner's right to have its exoneration claim heard in federal court. 947 F.Supp. 457, 458 (E.D. La. 1994). However, in a subsequent case, Odeco Oil and Gas Co., Drilling Div. v. Bonette, the Fifth Circuit stated that it had never squarely held that protecting the right to exoneration, as well as to limit liability, was a necessary element of every stipulation before a court could abstain from exercising its exclusive jurisdiction. 74 F.3d 671, 675 (5th Cir. 1996). Thus, it is unclear that the rule in Texaco will survive the Fifth Circuit's review.

More importantly, the Seventh Circuit, although it did not rule on this precise question,

5

strongly suggested in <u>McCarthy Bros.</u> that it is the province of the state court to determine liability and that the shipowner only possesses a right under the Act to limit that liability to the value of his vessel in a subsequent federal hearing. 83 F.3d at 832. We are not persuaded that it would hold that a shipowner has a separate right to litigate exoneration in federal court, particularly when the operative statute does not specifically provide this right. We, therefore, reject Seadog's argument.

## CONCLUSION

For all of the reasons stated above, we make the following rulings with respect to the outstanding motions in this case. We deny the claimants' motion to dismiss as moot and, *sua sponte*, order that the injunction previously entered on March 19, 1998 in this case is dissolved. We further deny Seadog's motions for summary judgment, for leave to file a sur-reply in opposition to the motion to dismiss and for leave to file authority in support of the scope of an exoneration hearing as moot. These rulings are, of course, subject to the filing of the stipulations described in our opinion. Proceedings in this federal action are hereby stayed to await the outcome of the suit in the Circuit Court of Cook County.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 30, 2000